**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| TY THOMAS, | No. 23-15336 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-00464-MMD-CLB |
| v. | |
| JAMES DZURENDA; MARTIN NAUGHTON, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted May 14, 2025**
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN,*** District Judge.

Defendants-Appellants James Dzurenda and Dr. Martin Naughton

(collectively, "Defendants") appeal the district court's denial of qualified immunity

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

to Plaintiff-Appellee Ty Thomas's § 1983 lawsuit alleging deliberate indifference to a serious medical need. Mr. Thomas was formerly incarcerated within the Nevada Department of Corrections ("NDOC"). He asserts that Defendants delayed treating him for Hepatitis C with direct-acting antivirals ("DAAs") pursuant the prison's policy, Medical Directive 219 ("MD 219"), that excluded him from treatment until his condition reached a certain threshold of liver fibrosis. Mr. Thomas received DAA treatment in December 2020 and was cured of Hepatitis C, but he claims that the delay in treatment caused him to endure physical pain, emotional distress, and irreversible liver damage.

The district court denied Defendants' motion for summary judgment and held they were not entitled to qualified immunity at this stage. Addressing only the first prong of the qualified immunity analysis, the district court ruled that "a genuine dispute of material fact" existed as to "whether [Defendants] were deliberately indifferent to [Mr. Thomas's] serious medical needs under the Eighth Amendment." The district court did not analyze whether it was clearly established that Defendants' conduct in following MD 219 violated Mr. Thomas's Eighth Amendment rights.

We have jurisdiction over Defendants' interlocutory appeal under the collateral order doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 530 (1985). We reverse and remand with instructions to grant Defendants' motion for

2

summary judgment based on qualified immunity.[1]  Because the parties are familiar with the facts, we recount them only as necessary to our decision.

"Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs."  *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (cleaned up) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  In cases involving an alleged failure to treat a serious medical condition, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."  *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and quotation marks omitted).

To determine if qualified immunity shields prison officials from liability, "we ask two questions: (1) whether the official's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation."  *Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024) (citation and quotation marks omitted).  It is not sufficient for district courts to address only the first prong—they must "proceed to the second step to decide whether the violation was 'clearly established'" at the time of the alleged conduct.  *Id.* at 660 (citation

---

[1]  Defendants' unopposed Motion for Judicial Notice, Dkt. No. 24, is GRANTED.

omitted).  We review qualified immunity rulings de novo and resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor.  *Id.* at 659.

Assuming without deciding that MD 219 is unconstitutional, Mr. Thomas's claim fails because he cannot prove a violation of clearly established law.  Our recent decision in *Carley* controls this case.  *See* 103 F.4th at 660–62.  Like the plaintiff in *Carley*, Mr. Thomas's blood test results and symptoms did not meet the threshold for receiving priority DAA treatment under MD 219 throughout the relevant times.  Indeed, Mr. Thomas's medical records suggest that his case was less severe than the plaintiff's in *Carley*.  Mr. Thomas makes no attempt to distinguish his case from *Carley*, nor does he cite any record evidence to establish that Defendants continued to withhold DAA treatment in the face of a severely deteriorating condition.  *Cf. Stewart v. Aranas*, 32 F.4th 1192, 1195–96 (9th Cir. 2022) (denying qualified immunity to doctors who delayed or refused treatment where "most objective evidence" indicated immediate treatment was necessary).

*Carley* held that, as of May 2018, it was not clearly established that "denying a Nevada state prisoner Hep-C treatment under MD 219 constituted deliberate indifference." *LeClair v. Dzurenda*, No. 23-15334, 2025 WL 999480, at *1 (9th Cir. Apr. 3, 2025) (mem.) (citing *Carley*, 103 F.4th at 661–62).  Mr. Thomas does not contend the law has since clearly established that treating him pursuant to MD 219 was unconstitutional between May 2018 and December 2020,

4

when he was first prescribed DAA treatment.

Accordingly, even resolving all factual disputes in Mr. Thomas's favor, Defendants are entitled to qualified immunity in this case. We reverse the district court's order and remand with instructions to grant Defendants' motion for summary judgment consistent with this decision.

**REVERSED AND REMANDED.**